# IN THE COURT OF APPEALS OF IOWA

No. 16-1244
Filed September 14, 2016

**IN THE INTEREST OF A.J.,**
**Minor child,**

**C.B., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary J. Sokolovske, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Kathryn C. Stevens of Juvenile Law Center, Sioux City, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child, A.J.[1] She claims that the State failed to prove the statutory ground for termination under Iowa Code section 232.116(1)(b) (2015) (abandonment), that she should be granted additional time to work toward reunification, and that termination is not in the child's best interests. We affirm the juvenile court's order.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is so well-established it need not be repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). The juvenile court issued a thorough and well-reasoned ruling, supported by clear and convincing evidence, terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

A.J. was born in January 2015. The child was removed from the parents' home in July 2015 as the result of a domestic-assault incident. Both mother and father were arrested and charged with domestic assault and possession of drug paraphernalia. The father is a registered sex offender in another state, but he is not registered in Iowa. The child was adjudicated a child in need of assistance (CINA) and placed in foster care in August 2015. The mother pled guilty to charges of child endangerment and domestic abuse assault, and she was placed on probation. Proceedings were instituted to revoke the mother's probation, and a warrant for her arrest was issued in November 2015. She absconded from the

---

[1] The child's father's parental rights were also terminated. He is not a party to this appeal.

state and was on the lam before returning to Iowa in April 2016. She was arrested and spent a month in jail. The State filed a petition to terminate parental rights in April 2016, and the matter was heard in June 2016.

Thereafter, the juvenile court found:

Despite services offered/provided, [the mother] has been unable or unwilling to stabilize her lifestyle. The circumstances leading to the adjudication of [the child] continue to exist. [The mother] has not addressed her substance abuse, mental health, parenting, domestic violence, housing, or employment.
. . . .
[The child] has never been returned to the custody of either parent, and no trial home placement has taken place, for a period of approximately [eleven] consecutive months. . . . [The child] could not be returned to the custody of his mother . . . due to her ongoing unstable lifestyle and having no stable home to be returned to. [The child] could not be returned to the custody of either parent at the present time without suffering further harmful effects, nor could [the child] be returned at any time in the foreseeable future.

We agree. Further, the juvenile court found the mother had not participated in reunification services sufficient to warrant return of the child to her care and that she had taken no affirmative action to assume her role as parent. Again, we agree.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b) and (h).[2] The mother challenges the ground for termination set forth in paragraph (b), but she does not address the termination of her parental rights under paragraph (h). Her failure to make any argument

---

[2] Iowa code section 232.116(1)(b) allows the juvenile court to terminate a parent's rights if it finds the child has been abandoned or deserted by the parent. Iowa Code section 232.116(1)(h) allows the juvenile court to terminate a parent's right if it finds all of the following have occurred: the child is three years of age or younger; has been adjudicated a child in need of assistance; has been removed from the physical custody of the child's parents for at least six of the last twelve months, and the child cannot be returned to the custody of the child's parents at the present time.

concerning the termination of her parental rights under section 232.116(1)(h) waives a challenge to termination under this paragraph. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) (failure to present any substantive analysis or argument on an issue waives issue); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal"). We need only find termination proper on one ground to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Accordingly, we affirm the termination of the mother's parental rights under section 232.116(1)(h). In any event, the grounds for termination under section 232.116(1)(h) were proved by clear and convincing evidence.

The mother argues she should be granted an additional six months to work toward reunification. Prior to the termination trial, the mother had eleven months to work toward reunification with the child. She did nothing. She was incommunicado with the child and service providers while she spent months out of state on the lam. She admitted that from October 2015 until the time of the trial she had provided "nothing" to the child—no contact, no financial support, no emotional support, no diapers, no clothing, no medical care. She admitted she had shown no interest in the child since October 2015. She did not cooperate with service providers. She waited until two days before the termination-of-parental-rights hearing to obtain a substance-abuse assessment and had yet to undergo treatment, which she opined "was a waste of time."

As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d

609, 613 (Iowa 1987). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has explained that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing Iowa Code section 232.116(1)(e) (1989)). Consequently, "[t]ime is a critical element," and parents simply "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *C.B.*, 611 N.W.2d at 495. At some point, as is the case here, the rights and needs of the child must rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification. The mother was given more than ample time to work toward reunification with the child, but she squandered that time doing nothing. Nothing in the evidence indicates that this is likely to change in the foreseeable future. Any additional time in limbo would not be in the child's best interests.

The mother also contends termination is not in the child's best interests. With no support from the record, her argument is solely premised upon the proposition that there is a rebuttable presumption that a child's best interests are served with custody by the natural parent, citing *In re Chad*, 318 N.W.2d 213, 218 (Iowa 1982) (construing Iowa Code section 232.1 to conclude "there is a

rebuttable presumption that the best interests of the child are served by custody of the natural parents"). The State met its burden of rebutting that presumption with clear and convincing evidence that termination was in the best interests of the child.

Even ignoring the mother's failure to challenge termination pursuant to section 232.116(1)(h), the overwhelming evidence shows the child could not be safely returned to the mother's care at the time of termination. Furthermore, the evidence established the mother had made no effort to maintain a relationship with the child since October 2015—she provided the child with nothing since that time and expressed no interest in the child. She had the no-contact order between her and her husband lifted at her request and testified she intended to continue having a relationship with him. She was homeless and jobless at the time of the hearing. She had no furniture and no clothes or food for the child. After reviewing all the evidence, we agree with the juvenile court that termination is in the child's best interests.

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**